1 | Gabrielle M. Wirth (SBN 106492)
wirth.gabrielle@dorsey.com
2 | Jennifer L. Bradford (SBN 203871)
bradford.jennifer@dorsey.com
3 | Pavlina K. Rafter (SBN 304181)
rafter.pavlina@dorsey.com
4 | **DORSEY & WHITNEY LLP**
600 Anton Boulevard, Suite 2000
5 | Costa Mesa, CA 92626-7655
Telephone: (714) 800-1400
6 | Facsimile: (714) 800-1499

7 | Attorneys for Defendants
INQUIPCO, INC. and
8 | MR. CRANE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLI MACMILLAN,<br><br>            Plaintiff,<br><br>vs.<br><br>INQUIPCO, INC., a Nevada Corporation; MR. CRANE, INC., a California Corporation; and DOES 1 through 50, inclusive,<br><br>            Defendants. | CASE NO:<br><br>[Orange County Superior Court Case No. 30-2016-00880778-CU-OE-CJC]<br><br>**DEFENDANTS INQUIPCO, INC. AND MR. CRANE, INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>Federal Question Jurisdiction<br><br>[28 U.S.C. §§ 1331, 1367, 1441, 1446] |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Inquipco, Inc. and Mr. Crane, Inc. (collectively, "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California. This Court has jurisdiction over Plaintiff Kelli MacMillan's ("Plaintiff") lawsuit under 28 U.S.C. § 1331, because some of the claims are brought under federal law. Removal is based on the following grounds:

**I.     SUMMARY OF COMPLAINT**

1.  On or about October 12, 2016, Plaintiff filed her verified Complaint for Damages ("Complaint") against Defendants in the Superior Court of the State of California for the County of Orange, entitled *Kelli MacMillan v. Inquipco, Inc., et al.* and designated Case No. 30-2016-00880778-CU-OE-CJC. Plaintiff personally served a copy of her Summons and Complaint on Defendant Mr. Crane, Inc.'s agent for service of process on November 30, 2016. Plaintiff personally served a copy of her Summons and Complaint on Defendant Inquipco, Inc.'s registered agent for service of process on November 30, 2016. True and correct copies of the Complaint, Summons, Civil Case Cover Sheet, Alternative Dispute Resolution Package, and Proofs of Service of Summons are attached as <u>Exhibit A</u> to the Appendix of State Court Pleadings and Documents ("Appendix") filed concurrently herewith and incorporated by reference.

2.  Plaintiff's Complaint seeks to recover damages for the following claims: (1) Pregnancy Discrimination; (2) Harassment Based on Gender; (3) Retaliation; (4) CFRA/FMLA Retaliation; (5) Failure to Prevent Sexual Harassment and Retaliation; (6) Retaliation in Violation of Labor Code Section 6310; and (7) Adverse Employment Actin/Wrongful Termination in Violation of Public Policy. (App., Ex. A, Compl. ¶¶ 65-137.)

## II. THE REMOVAL IS TIMELY

3. Defendants have timely removed this action within thirty days of service of the Complaint and Summons. The proof of service indicates that Plaintiff served Defendants' registered agents for service of process with the Complaint and Summons on November 30, 2016. Thus, removal is timely under 28 U.S.C. § 1446(b).

4. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. FEDERAL QUESTION JURISDICTION

### A. Plaintiff's Complaint Alleges a Federal Question

5. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331, and thus this action is one which may be removed by Defendants pursuant to 28 U.S.C. § 1441.

6. Federal question jurisdiction exists under 28 U.S.C. § 1331 where the complaint asserts a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "When a plaintiff's complaint relies on federal law as the source of recovery, it is obvious that the case 'arises under' federal law and therefore may be removed to federal court." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1394 (9th Cir. 1988) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded' complaint rule, which provides that federal jurisdiction exists when a federal question is presented on the fact of the plaintiff's properly pleaded complaint." *Id.* at 1394 (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391-92 (1987)).

7. In addition, a state law claim may be treated as arising under federal law where vindication of a right under state law necessarily turns on construction of a federal law. *Franchise Tax Bd.*, 463 U.S. at 9.

8. Here, on the face of the Complaint, Plaintiff explicitly alleges violations of the federal Family and Medical Leave Act ("FMLA"), which is codified at 29 U.S.C. § 2601 *et seq.*

9. The Fourth Cause of Action, entitled "CFRA/FMLA Retaliation," asserts that Defendants violated the FMLA. (App., Ex. A, Compl. ¶¶ 100-114.) Plaintiff alleges that the First Cause of Action "is a claim for relief arising from Defendants' retaliation for Plaintiff's protected leave, in violation of . . . the Family Medical Leave Act, 29 U.S.C., section 2601." (App., Ex. A, Compl. ¶ 102.) Plaintiff further alleges that "Defendant [sic] is a private employer with over 50 employees. (29 U.S.C. § 2611(4)(A); 29 C.F.R. § 825.104(d))." (App., Ex. A, Compl. ¶ 103.) Plaintiff further alleges as follows: "Pursuant to CFRA/FMLA, an employer must provide a covered employee with up to twelve (12) weeks of job-protected leave. Further, it is unlawful to interfere with, restrain, or deny an employee's right to take CFRA/FMLA leave and it is also unlawful to use an employee's CFRA/FMLA leave as a negative factor in any employment decision. (. . . 29 U.S.C. § 2615(a), (b))." (App., Ex. A, Compl. ¶ 104.) Plaintiff further alleges that she "was eligible for protected family care leave . . . because he had more than twelve (12) months of service with Defendant and had at least 1,250 hours of service over the previous twelve (12) months. (29 U.S.C. § 2611(2)(A).)." (App., Ex. A, Compl. ¶ 105.)

10. In addition, Plaintiff's Seventh Cause of Action, entitled "Adverse Employment Action in Violation of Public Policy," is based, *inter alia*, on Defendants' purported violation of federal law. (App., Ex. A, Compl. ¶ 135 ("Defendants violated important public policy including but not limited to the laws codified in . . . the Constitution of the United States of America.").)

11. Accordingly, the Fourth and Seventh Causes of Action provide a basis for removal based on federal question jurisdiction.

### B. This Court May Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

12. Plaintiff's state law claims brought under the California Fair Employment and Housing Act ("FEHA") (First, Second, Third, and Fifth Causes of Action), the California Family Rights Act ("CFRA") (Fourth Causes of Action), and the California Labor Code (Sixth Cause of Action) and as well as her state common law claim for adverse employment action/wrongful termination in violation of public policy based on violations of California law (Seventh Cause of Action) arise out of the same case and controversy as does Plaintiff's claims brought under the FMLA, as all such claims relate to the terms and conditions of Plaintiff's employment, particularly with regard to the provision of family and medical leave to Plaintiff. Therefore, this Court may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). *See, e.g., Baker v. Roman Catholic Archdiocese of San Diego*, 2014 U.S. Dist. LEXIS 119145, at *2 (S.D. Cal. 2014) (exercising supplemental jurisdiction over state law claims brought under CFRA and FEHA when case was removed based upon federal question jurisdiction in which complaint asserted a claim for violation of the federal Americans with Disabilities Act).

### IV. CONSENT OF ALL DEFENDANTS TO REMOVAL

Undersigned counsel represents both Defendants in this action. Both Defendants consent to the removal of this action to Federal Court and through the signature of their undersigned counsel hereby join in the removal

### V. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

13. As set forth above, this Notice of Removal is filed within thirty days of service of the Complaint upon Defendants.

14. This action was originally filed in the California Superior Court for the County of Orange. Venue is therefore proper in the United States District Court for the

Central District of California pursuant to 28 U.S.C. § 1441(a), because this District embraces the county in which the removed action has been pending since its inception.

15. To Defendants' knowledge, no other defendants have been served in this action.

16. Defendants will promptly service this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required by 28 U.S.C. § 1446(d).

17. As set forth above, true and correct of Plaintiff's Complaint, Summons, Civil Case Cover Sheet, Alternative Dispute Resolution Package, and Proof of Service of Summons are attached as <u>Exhibit A</u> to the Appendix. A true and correct copy of a Notice of Hearing for a Case Management Conference is attached as <u>Exhibit B</u> to the Appendix. To Defendants' knowledge, no other proceedings have been held, and the above documents, which are attached as Exhibits A through B as required by 28 U.S.C. § 1446(a), constitute all the process, pleadings, and orders served on or filed by Defendants in this action.

18. Accordingly, the prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

19. Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, removal of this action is proper pursuant to 28 U.S.C. §§ 1441 and 1446. Supplemental jurisdiction exists as to the other claims alleged by Plaintiff under 28 U.S.C. § 1367.

## VI. CONCLUSION

20. Based on the foregoing, Defendants respectfully request that this action be removed from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California and that all further proceedings in this matter take place in the United States District Court for the Central District of California. If any questions arise as to the propriety of the removal of this

action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is removable.

Dated: December 13, 2016

DORSEY & WHITNEY LLP

By: /s/ Gabrielle M. Wirth
Gabrielle M. Wirth
Jennifer L. Bradford
Pavlina K. Rafter
Attorneys for Defendants
Inqiupco, Inc. and Mr. Crane, Inc.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, CA 92626. On December 13, 2016, I served the documents named below on the parties in this action as follows:

| | |
|---|---|
| DOCUMENT(S) SERVED: | **DEFENDANTS INQUIPCO, INC. AND MR. CRANE, INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA** |
| SERVED UPON: | Lawrance A. Bohm<br>Victoria L. Gutierrez<br>Zane E. Hilton<br>BOHM LAW GROUP, INC.<br>4600 Northgate Boulevard, Suite 210<br>Sacramento, CA 95834<br>Tel: 916-927-5574<br>Fax: 916-927-2046 |

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by Legal Solution to receive documents to be delivered on the same date. A proof of service signed by the courier will be filed with the court upon request.

☒ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on December 13, 2016, at Costa Mesa, California.

Kim Massure-Rayson