Lawrance A. Bohm (SBN: 208716)
lawrance@bohmlaw.com
Bradley J. Mancuso (SBN: 285616)
brad@bohmlaw.com
Victoria L. Gutierrez (SBN: 282715)
victoria@bohmlaw.com
**BOHM LAW GROUP, INC.**
4600 Northgate Boulevard, Suite 210
Sacramento, California 95834
Telephone:  866.920.1292
Facsimile:   916.927.2046

Attorneys for Plaintiff,
KELLI MACMILLAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| KELLI MACMILLAN,<br><br>   Plaintiff,<br><br>v.<br><br>INQUIPCO, INC., a Nevada Corporation; MR. CRANE, INC., a California Corporation; and DOES 1 through 50, inclusive,<br><br>   Defendants. | Case No. 8:16-cv-02196-JVS-JCG<br><br>**PLAINTIFF'S KELLI MACMILLAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT IF PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**<br><br>Date:            May 7, 2018<br>Time:           1:30 p.m.<br>Courtroom:  10C<br><br>Action Filed:  October 12, 2016<br>Trial Date:      VACATED |

**TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

   Plaintiff, KELLI MACMILLAN, does hereby moves this Court for an order to enforce the settlement agreement.  This Motion is based on the foregoing Memorandum of Points and Authorities, Declaration of Victoria L. Gutierrez, and supporting documents submitted herewith, and upon such other and further evidence and arguments as may be presented at the hearing of this motion.

1

**MPA ISO Plaintiff's Motion to Enforce Settlement Agreement**          Lawrance A. Bohm, Esq.
*MacMillan v. Inquipco, Inc., et al.*                                                              Bradley J. Mancuso, Esq.
Case No.:  8:16-cv-02184-JVS-JCG                                                   Victoria L. Gutierrez, Esq.

## I.     INTRODUCTION

The parties settled *Kelli MacMillan v. Inquipco*, et al., for a specified dollar amount on December 14, 2017. The settlement agreement however, which contains all specific language related to the contract for settlement, was not finalized until January 22, 2018, at which point Plaintiff Kelli MacMillan signed. To date, it is unclear whether Defendant has signed the settlement agreement as no copy has been forwarded to Plaintiff's attorney. This motion arises out of Defendant's refusing to re-issue a W-2 for the year 2018. Instead, Defendant's issued a W-2 for the year 2017, claiming the Plaintiff was paid in 2017. To date, Plaintiff has not and has refused to accept the settlement checks with a 2017 date as the settlement agreement was not finalized and signed by Plaintiff until January 22, 2018. Plaintiff will not commit tax fraud.

## II.     STATEMENT OF FACTS

On December 14, 2017, counsel for Defendant Mrs. Wirth emailed Plaintiff's counsel Mrs. Gutierrez confirming settlement had been reached and that a standard settlement agreement would be emailed the next day. On December 15, 2017, the parties notified the Clerk of this Court of its settlement via email. On December 19, 2017, Mrs. Gutierrez emailed Mrs. Wirth asking for a status on the agreement. Mrs. Wirth replied "Later today" she would send the agreement. On December 20, 2017, Kim Massure, Mrs. Wirth's secretary emailed Mrs. Gutierrez the settlement agreement. On December 21, 2017, Mrs. Gutierrez emailed Mrs. Wirth and Mrs. Massure changes to the settlement agreement. On December 22 and 27, 2017, Mrs. Massure emailed Mrs. Gutierrez asking "…can you please advise of the position regarding the Agreements?" On January 3, 2018, Mrs. Gutierrez emailed Mrs. Massure informing her the way the agreements were sent, it was unclear which was the final version. On January 3, 2018, Mrs. Massure sent a clarification email of the final versions of the settlement agreements. On January 5, 2018, Mrs. Wirth inquired on the status of the signed settlement agreements. On January 5, 2018, Mrs. Gutierrez proposed further changes to the settlement agreement. Approximately three emails were sent confirming additional changes to the agreement. On January 5, 2018, Mrs. Gutierrez asked Mrs. Massure to "…please send me finals for both plaintiffs and I will forward to my clients…." The same day the finals were sent to Mrs. Gutierrez wherein she forwarded the

2

**MPA ISO Plaintiff's Motion to Enforce Settlement Agreement**     Lawrance A. Bohm, Esq.
*MacMillan v. Inquipco, Inc., et al.*     Bradley J. Mancuso, Esq.
Case No.: 8:16-cv-02184-JVS-JCG     Victoria L. Gutierrez, Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

agreements to be reviewed and signed by Jess and Kelli MacMillan. On January 11, 2018, Mrs. Wirth asked if the settlement agreement had been signed. On January 16, 2018, Mrs. Gutierrez informed Mrs. Wirth that a certain provision was causing a stall on signature. On January 17, 2018, approximately eight emails were sent between counsel regarding finalization and certain provisions of the settlement agreement. In one of the emails between counsel on January 17, 2018, Mrs. Wirth informed Mrs. Gutierrez that she has the settlement checks. On January 22, 2018, Mrs. Gutierrez forwarded the final settlement agreement with her clients' signatures. On January 22, 2018, Mrs. Gutierrez emailed Mrs. Wirth informing her she was notified by her clients that Tax Form W-2 was sent to her clients but for the year 2017. Mrs. Gutierrez stated "…This needs to be rescinded and the W-2 needs to be re-sent for 2018." Thereafter, a series of emails were exchanged between counsel. Mrs. Wirth stated "Checks were issued last year per the agreement." Mrs. Gutierrez then questioned why checks were issue before the settlement agreement had been finalized and signed by all parties. Counsel exchanged another series of emails related to this issue. Mrs. Gutierrez said her clients would not commit tax fraud. Counsel did not agree, Mrs. Wirth refused to have her clients re-issue a W-2 for 2018 and the instant motion has followed. As a last attempt, Mrs. Gutierrez wrote a letter to Mrs. Wirth on March 14, 2018, this time citing tax information and why Defendants were wrong in issuing the checks in 2017. Mrs. Wirth did not reply.

### III.  PROCEDURAL FACTS

On January 11, 2018, Honorable James V. Selna, signed an Order essentially retaining jurisdiction, as Plaintiff could, upon good cause and within 60 days, reopen the action if settlement is not consummated (Document 29.) On January 20, 2018, Plaintiff submitted a "Notice of Settlement and Request to Retain Jurisdiction; [Proposed] Order" (Document 28.)

///
///
///
///
///

**MPA ISO Plaintiff's Motion to Enforce Settlement Agreement**  
*MacMillan v. Inquipco, Inc., et al.*  
Case No.: 8:16-cv-02184-JVS-JCG

Lawrance A. Bohm, Esq.  
Bradley J. Mancuso, Esq.  
Victoria L. Gutierrez, Esq.

## IV. ARGUMENT

**A.  This Court Has Jurisdiction to Enforce the Settlement Agreement**

This Court has retained subject matter jurisdiction pursuant to its order (Document 25)

> Case 8:16-cv-02196-JVS-JCG   Document 25   Filed 02/23/18   Page 2 of 2   Page ID #:197
>
> The Court has considered Plaintiff's *Ex Parte* Application for an Order Enforcing the Settlement Agreement, the arguments of counsel, and the papers in support thereof.
>
> IT IS HEREBY ORDERED the date for reopening the case is extended for 45 days.
>
> **The application is denied without prejudice to a noticed motion.**
>
> **IT IS SO ORDERED.**
>
> Dated  February 23, 2018
>
> United States District Court
> Honorable James V. Selna

Courts have inherent power to enforce settlements between the parties in pending cases. *In re City Equities Anaheim*, Ltd., 22 F.3d 954, 957 (9th Cir. 1994).  However, a court has no power to enforce a settlement after a case has been dismissed, unless it has retained jurisdiction to do so.  *Hagestad v. Tragesser*, 49 F.3d 1430, 1432 (9th Cir. 1995).  As the United States Supreme Court has stated:

> [W]hen, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Kokkonen v. Guardian Life ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

**MPA ISO Plaintiff's Motion to Enforce Settlement Agreement**   Lawrance A. Bohm, Esq.
*MacMillan v. Inquipco, Inc., et al.*   Bradley J. Mancuso, Esq.
Case No.:  8:16-cv-02184-JVS-JCG   Victoria L. Gutierrez, Esq.

## V. <u>CONCLUSION</u>

The Parties entered into a valid, enforceable agreement to settle this matter. The Court should issue an order compelling Defendants to honor the agreement.

Dated: April 6, 2018     By:    */s/Victoria L. Gutierrez*
                                                LAWRANCE A. BOHM, ESQ.
                                                BRADLEY J. MANCUSO, ESQ.
                                                VICTORIA L. GUTIERREZ, ESQ.

                                                Attorneys for Plaintiff,
                                                KELLI MACMILLAN

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

**MPA ISO Plaintiff's Motion to Enforce Settlement Agreement**      Lawrance A. Bohm, Esq.
*MacMillan v. Inquipco, Inc., et al.*      Bradley J. Mancuso, Esq.
Case No.: 8:16-cv-02184-JVS-JCG      Victoria L. Gutierrez, Esq.